UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:26-CR-2-CCB |
| | ) | |
| CALEB BONNELL | ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America submits the following memorandum in preparation for the sentencing hearing in this case.

## I.    The nature and circumstances of the offense.

The Defendant was expelled from high school for threatening to bring a weapon to school. He thereafter attended an adult learning center and was expelled again for wearing clothes containing white supremacy ideology and getting into confrontations with students. He recorded his online expulsion hearing and edited it to create a new video depicting a school administrator hanging by a noose, which was later sent to the administrator's email. He was charged in state court with felony intimidation, which remains pending. All of the aforementioned conduct occurred before he embarked on the criminal journey of cyberstalking the victim (V) and the victim's father (VF)  in this case.

The FBI's National Threat Operation Center was contacted due to the Defendant's radicalization and potential for future acts of violence. From September 2025 to December 2025, the Defendant used various electronic devices to harass and intimidate V and VF. He created at least 3 fake email accounts and sent emails to administrators at V's school. Those emails claimed that V "has threatened to shoot up a mosque"; made "racially insensitive or offensive comments online"; and is involved in "animal abuse, cheating, lying, manipulation, extortion, and even drugging and sexually assaulting someone." Disrupting school administrators was insufficient for him so he then proceeded to send at least 75 messages to at least 20 of V's classmates on social media. He also posted V's residential address online. On several occasions, he made false reports to law enforcement that V was in danger so that the police would go to V and VF's house in response. He sent nearly 185 text messages to VF, some of which were sent in knowing violation of a restraining order. He told people online that he was going to ruin V's life and wanted V to kill themself.

The parties have no objection to the final PSR. The Defendant's total offense level is 19. He has 1 criminal history point, which places him in criminal history category I. His resulting guideline range is 30 to 37 months. A sentence at the low-end of the guidelines is appropriate.

## II.    The defendant's history and characteristics.

The Defendant's sole criminal history point stems from a juvenile adjudication for felony intimidation. During his time of detention at a youth center, he did not follow directives and cursed at staff. He also referred to African American residents as "colored" and upset residents by talking about certain political figures. While attending an on-site school, he was disciplined for writing swastikas. As discussed above, the Defendant has a felony intimidation case presently pending in state court, which also involved derogatory racial depictions and insinuating violence.

The Defendant reported experiencing physical and verbal abuse during his childhood years. His primary support system consists of his mother and brother. Most of his friends are online. Though yet to be confirmed via records, the Defendant reported having diagnoses of bipolar and borderline personality disorder. He has some previous experimentation with alcohol and acknowledged having a "bad relationship" with authority.

## III.    The seriousness of the offense, just punishment, deterrence, and respect for the law.

The Defendant's behavior in this case is incredibly problematic and troubling. *See* 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(A). The detrimental impacts of cyberstalking cannot be understated, and the fear that victims experience can last a lifetime. The hallmark of privacy is one's home, and the Defendant

3

went above and beyond to ensure that V and VF were impacted at their residence. The public safety concern here is paramount. *See* 18 U.S.C. § 3553(a)(2)(C).  Repetitive "false alarm" calls to law enforcement are dangerous to both victims and responding officers, and the Defendant essentially made a game out of it. *Id*. Moreover, causing a knowing disturbance at V's home was not enough for the Defendant. He continued to wreak havoc by contacting educators and students at V's school. A term of imprisonment is necessary to promote respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A).

Pending felony charges at the state level, and federal felony charges here, have done nothing to deter him. *See* 18 U.S.C. § 3553(a)(2)(B).  During his time of pretrial incarceration, he continued to utilize the jail phone to make disparaging remarks about V, engage in concerning dialogue with his online associates, and use derogatory racial slurs. For him, his history and characteristics are somewhat foretelling. This conduct here is egregious but, based on his past, not wholly unexpected. *See* 18 U.S.C. § 3553(a)(1).

Millions of people use the internet and engage on social media. They can be used for good, but they can also be used to harm others. The Defendant has shown that it is his desire to do the latter. A term of imprisonment is necessary to allow him sufficient time to take accountability for his actions, learn healthy coping mechanisms, and realize that he must make better decisions in the future.

## IV.    The government's sentencing recommendation.

For the foregoing reasons, the government respectfully requests that the Defendant be sentenced to a term of imprisonment at the low-end of the guidelines followed by 2 years of supervised release.

Respectfully submitted,

ADAM L. MILDRED
UNITED STATES ATTORNEY

By:    *s/ Lydia T. Lucius*
      LYDIA T. LUCIUS
      Assistant United States Attorney
      M01 Robert A. Grant Federal Bldg.
      204 S. Main Street
      South Bend, Indiana 46601
      Tel:   (574) 236-8287
      Fax:  (574) 236-8155
      E-mail:  Lydia.Lucius@usdoj.gov