**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　Plaintiff　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　　) CAUSE:  3:26-CR-00002<br>　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>CALEB BONNELL　　　　　　　)<br>　　　Defendant　　　　　　　)| |

**SENTENCING MEMORANDUM OF CALEB BONNELL**

Comes now the Defendant, Caleb Bonnell, by and through counsel and submits his sentencing memorandum.

**SENTENCING REQUEST**

Caleb Bonnell, for the reasons set forth below, requests this Honorable Court for a sentence of no more than Thirty (30) Months as to Count II followed by Two (2) Years of Supervised Release.  Mr. Bonnell submits that such a sentence would be sufficient but not greater than necessary.  18 USC 3553(a).

**INTRODUCTION**

Below, Caleb Bonnell will individually address the statutory factors, as they relate to his sentence, in a piecemeal manner.  However, as cited in the immediately following section(s), Mr. Bonnell maintains that this Honorable Court should impose a sentence of no more than Thirty (30) Months as to Count II followed by Two (2) Years of Supervised Release.

**1.　　Sentence Recommended by the Sentencing Guidelines**

The guideline range calculated by the PSR as to Count II is 30-37 Months. The arguments made by Mr. Bonnell in the following paragraphs will ask this Honorable Court to consider a sentence of no more than Thirty (30) Months as to Count II followed by Two (2) Years of Supervised Release as supported by the factors of 18 USC 3553(a).

1

**2.        Nature of the Offense; 18 USC 3553(a)(1)**

The maximum sentence for Count II is Five Years.  Caleb is 19 years old.  The allegations to which he has admitted include threats via the internet as well as incidents of doxxing and swatting.  He has timely entered a plea of guilty to his conduct and accepted responsibility for his actions.  He has but one criminal history point.  Mr. Bonnell submits his circumstances as described in the paragraphs below warrant a sentence of no more than Thirty (30) Months as to Count II followed by Two (2) Years of Supervised Release as being sufficient but not greater than necessary.

**3.        Caleb Bonnell 's History and Characteristics; 18 USC 3553(a)(1)**

Caleb Bonnell submits that 18 USC 3553(a) requires that a sentencing court look to the nature and characteristics of the offender.  However, the only offender characteristic taken into account by the guidelines is criminal history.  Caleb Bonnell is 19 years old.  He has timely accepted responsibility for his actions by pleading guilty.  He has but one criminal history point.  He is in good physical health.   He reports a moderately serious substance abuse issue for which he has expressed a willingness to undergo treatment. However, his childhood and mental health issues bear a need for a more thorough analysis.

Caleb reports that he and his brother were physically and mentally abused by their parents up to his reaching the age of eleven.  At that time, the family had become religious, at which time Caleb noticed his parents drinking less and they ceased physically abusing both him and his brother.  School was a problem for Caleb as he reported having a "bad relationship with authority."  From the PSR, it is apparent that he struggled with interpersonal relationships in that most of his friends were online.  He states that his brother and mother are his main source of support.  He has struggled with issues of mental illness since the age of thirteen.

At age thirteen, Caleb was diagnosed with bi-polar disorder.  He was prescribed lithium along with other medication and attended biweekly therapy.  He reports stopping therapy at age sixteen and stopping taking his medication around age seventeen.  At age nineteen, his parents referred him to another doctor where he was diagnosed with borderline personality disorder.  Pending disposition of this matter, Mr. Bonnell was assessed by another psychologist who has rendered a report filed separately under seal with this Memorandum.  It is clear from these assessments and case history that Caleb suffers from severe mental health issues for which intensive treatment is required.  It is equally clear that his actions in this matter derive from these serious and untreated mental health issues.

Given his circumstances, Mr. Bonnell submits that a sentence of no more than Thirty (30) Months as to Count II followed by Two (2) Years of Supervised Release would be sufficient but not greater than necessary.

2

**4.      Need for the Sentence to Reflect the Offense's Seriousness; 18 USC 3553(a)(2)(A)**

Congress has declared that the maximum sentence for the matter to which Mr. Bonnell has entered a plea of guilty is Five (5) Years as to Count II.  Mr. Bonnell suffers from no serious physical issues.  Though the charge to which he has plead guilty is serious, it is clearly a manifestation of serious, untreated mental health issues.  Applying the 3553(a) factors, a sentence of no more than Thirty (30) Months as to Count II followed by Two (2) Years of Supervised Release would reflect a sentence commensurate with his actions and circumstances.

**5.      Need for the Sentence to Promote Respect for the Law; 18 USC(a)(2)(A)**

A sentence of no more than Thirty (30) Months as to Count II followed by Two (2) Years of Supervised Release would in no way show disrespect for the law.  It would instead achieve a reasonable sentence and promote proper respect for the law.  Ms. Bonnell is 19 years old.  He has timely accepted responsibility for his actions by pleading guilty.  He has a good relationship with his family.  He has only one (1) criminal history point.  He suffers from severe mental health issues for which he requires intensive treatment and consistent medication.  As such, the sentence proposed in this Memorandum would promote respect for the law and be sufficient but not greater than necessary.

**6.      Need for the Sentence to Provide Just Punishment for the Offense; 18 USC 3553(a)(2)(A)**

Caleb Bonnell submits that a sentence of no more than Thirty (30) Months as to Count II followed by Two (2) Years of Supervised Release would be sufficient, but not greater than necessary to act as a just punishment. It will result in his being incarcerated for a significant period of time at the age of nineteen as well as having a permanent felony conviction on his record.  It is commensurate with his circumstances and the facts of the case.  As such, it is a just punishment for his actions and sufficient but not greater than necessary.

**7.      Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct by Others; 18 USC 3553(a)(2)(B)**

A sentence of no more than Thirty (30) Months as to Count II followed by Two (2) Years of Supervised Release would still deter future criminal conduct by others with similar circumstances. It would show that regardless of age or circumstances, the commission of such a crime will result in a significant term of incarceration. Such a sentence would certainly constitute an adequate deterrence for others contemplating the same sort of criminal activity with similar circumstances to Mr. Bonnell.

**8.      Need for the Sentence to Protect the Public from Further Crimes by Caleb Bonnell ; 18 USC 3553(a)(2)(C)**

Ms. Bonnell is 19 years old.  He has timely accepted responsibility for his actions.  He has only one criminal history point.  He has no significant physical health issues.  His serious mental health/substance abuse issues can be dealt with while incarcerated with proper treatment and counseling. Hence, the sentence as suggested in this Memorandum will be more than adequate to protect the public.

**9.      Need for the Sentence to provide the Defendant with Needed Educational, Rehabilitative or Vocational Training, Medical Care, or Other Correctional Treatment; 18 USC 3553(a)(2)(D)**

Mr. Bonnell would greatly benefit from mental health/substance abuse counseling as well as vocational training and educational opportunities.

**10.      Kinds of Sentences Available 18 USC 3553(a)(3)**

As to the charge to which he has entered a plea of guilty, there is a maximum sentence of Five (5) Years. The guideline range per the PSR is 30-37 Months as to Count II.   However, this Honorable Court is free to determine a sentence that is sufficient, but not greater than necessary. Ms. Bonnell submits that a sentence of no more than Thirty (30) Months as to Count II followed by Two (2) Years of Supervised Release is sufficient but not greater than necessary.

**11.      Sentencing Range Established by the Sentencing Guidelines; 18 USC 3553(a)(4)(A)**

Per the PSR, the applicable guideline range as to Count II is 30-37 Months. Applying the arguments mentioned in the above paragraphs, Mr. Bonnell submits that a sentence of no more than Thirty (30) Months as to Count II followed by Two (2) Years of Supervised Release would be sufficient, but not greater than necessary.

**12.      Any Policy Statements Issue by the Sentencing Commission; 18 USC 3553(a)(5)**

There are no known policy statements pertaining to Mr. Bonnell's sentencing.

**13.      Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records and with Similar Conduct; 18 USC 3553(a)(6)**

Mr. Bonnell is hardly the worst offender for the matters to which he has been convicted. He is 19 years old with only one (1) criminal history point.   He is in good physical health.  He has timely accepted responsibility for his actions. He has strong family relations with his brother and mother.  During the time of his offense, he suffered from severe, untreated mental health issues.  He has expressed a desire for treatment for his mental health and substance abuse issues. His circumstances are different than one that would have no drug or mental health issues or a desire to undergo treatment; one with no family support and/or someone significantly older.  He is deserving of a sentence consistent with the sentence as suggested in this Memorandum.

4

**14.      Need to Provide Restitution to Any Victims of the offense; 18 USC 3553(a)(7)**

Per the PSR, any restitution is to be determined at sentencing.

## CONCLUSION

For all the above and foregoing reasons, Caleb Bonnell prays this Honorable Court to sentence him to no more than Thirty (30) Months as to Count II followed by Two (2) Years of Supervised Release.  Such a sentence would serve to provide a sentence that is sufficient but not greater than necessary for his particular circumstances.

Respectfully Submitted,

 /s/ Kurt R. Earnst
Kurt R. Earnst
Attorney for Caleb Bonnell

5

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant, Caleb Bonnell, does hereby certify that a copy of the foregoing was served on counsel for the government via the district court's CM/ECF system this 14th day of July, 2026.

/s/ Kurt R. Earnst
Kurt R. Earnst
Attorney for Defendant, Caleb Bonnell